**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 17 2005

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

| | | |
|---|---|---|
| PETER R. SCURLOCK, | ) | |
| Petitioner, | ) | Misc. Case No. 7:05mc 00024 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GEARLD K. WASHINGTON, | ) | By: Jackson L. Kiser |
| Respondent. | ) | Senior U.S. District Judge |

This matter is before the court upon petitioner's motion for an extension of time in which to file a federal habeas corpus petition challenging the validity of his state criminal conviction. Petitioner explains that he is has attempted to hire an attorney to prepare his petition, but that he has since discovered that the person he believed to be an attorney was not actually licensed. Petitioner now states that he needs additional time in which to research and prepare his petition. Petitioner claims to have filed a habeas petition in the Circuit Court which imposed his sentence, but admits that said petitions were dismissed as time barred. Additionally, petitioner does not state whether or not he has presented his habeas claims to the Supreme Court of Virginia as required to fulfill the exhaustion of state court remedies mandated in 28 U.S.C. §2254(b) before filing a federal habeas petition, pursuant to §2254. Nevertheless, the court construes petitioner's motion as a motion for extension of time in which to file a petition for <u>habeas corpus</u>, pursuant to 28 U.S.C. §2254.

A petition for writ of habeas corpus, pursuant to §2254, must now generally be filed within one year from the time that the underlying conviction becomes final once the opportunities for seeking direct review have expired. 28 U.S.C. §2244(d)(1)(A).[1] The court is not aware of any

---

[1] The limitation period for filing a §2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:
The limitation period shall run from the latest of---
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration

1

provision or rule in the United States Code that grants district courts the authority to extend the §2244(d) filing period for would-be petitioners. Accordingly, it is hereby

## ORDERED

that petitioner's motion, which the court construes as a motion for extension of time in which to file a petition for habeas corpus, pursuant to 28 U.S.C. §2254, shall be and hereby is **DENIED**. Petitioner is advised that once he files a timely §2254 petition, setting forth any claims for relief that he wishes to raise, he may move the court in that case for an extension of time in which to file a memorandum and additional evidence in support of the timely filed claims.

The Clerk is directed to send certified copies of this order to petitioner and to counsel of record for the respondent, if known.

ENTER: This 17th day of May, 2005.


_Jackson L. Kiser_
Senior United States District Judge

---

of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§2244(d)(1)(A - D).